EASTERN DIST.
February, 1837.
———————
MAGEE ET AL.
*vs.*
DUNBAR AND
BROTHER.

———————

### MAGEE ET AL. *vs.* DUNBAR AND BROTHER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

A dilatory exception, denying the identity of the plaintiffs, as a firm, may be pleaded after a judgment by default, on filing an answer to the merits.

Although an issue is tacitly joined by a judgment by default, yet, when it is set aside by filing an answer, it is as if it had never existed.

In denying that the names of the plaintiffs do in fact compose the firm in whose name they sue, and not averring that other persons compose it, is insufficient. An exception of this kind ought at least to show, that, admitting the facts alleged, a judgment in the case would not be a bar to a second action.

If the interrogatories annexed to the petition are not answered, and no cause shown, they will be taken for confessed on the trial.

Notice of protest, when the endorsement is made by a firm, to one of the partners, is sufficient.

This is an action against the defendants, to recover the sum of nine hundred and thirty-four dollars and seventy-one cents, for merchandize sold and delivered to them.

The plaintiffs allege, that the defendants endorsed over, and delivered to them, a promissory note for eight hundred and five dollars and seventy cents, drawn by J. B. Dawson, to their order, which was protested at maturity, and due notice given to them as endorsers. That they are indebted, *in solido*, for the amount of said note, and for a balance on their said account, of one hundred and twenty-nine dollars, for which they pray judgment.

The plaintiffs annexed an interrogatory to their petition, calling on the defendants to state, on oath, in open court, if the account sued on was not correct.

The defendants, after judgment by default taken, filed an answer to the merits, expressly denying that James Magee and Michael Magee composed the firm of James Magee & Co., in New-Orleans. They admit their endorsement, but deny every other allegation contained in the petition.

The parties proceeded to trial on these pleadings and issues. The defendants omitted to answer the plaintiffs' interrogatory, touching the correctness of the account sued on, and the judge instructed the jury to take it for confessed, but on motion, struck out the part of the answer, denying that the plaintiffs composed the firm of Magee & Co., as a dilatory exception, which should have been pleaded before judgment by default. This was objected to, and a bill of exceptions taken. It was also objected, and averred, that the notices of protest were insufficient.

The jury, however, returned a verdict for the plaintiffs, and from judgment rendered thereon, the defendants appealed.

*Weems*, for the plaintiffs.

1. Defendants and appellants were not entitled to any other notice than that furnished by the service of the interrogatories annexed to petition : they were not entitled to service of the order of court, appointing a day for the inter-

EASTERN DIST.
February, 1837.

MAGEE ET AL.
vs.
DUNBAR AND
BROTHER.

rogatories to be answered. *Code of Practice, articles* 350, 351 ; 2 *Louisiana Reports,* 72 ; 7 *Ibid.* 333.

2. The court *a quo,* was clearly right in ordering that part of the answer which denied that appellees composed the firm of James Magee & Co. to be struck from the record, because it was, in its very essence, a dilatory exception, which should have been pleaded before issue joined, whereas it was not pleaded till after a default had been taken. *Code of Practice, articles* 332, 333.

3. Notice of protest was sufficient. The record shows, by the evidence of Hall and Wederstrandt, that one of the appellants, A. Dunbar, had, shortly before this protest was made, given the notary general instructions to notify him of protests through the post-office of St. Francisville. It is clearly a waiver of notice. 4 *Martin, N. S., Laporte* vs. *Laudry,* 125.

4. Appellants do not plead fraud in their answer, and therefore cannot question the ownership of appellees to the note sued on. The evidence, and the endorsements on the note, sufficiently show, that the note sued on was the property of appellees at the time the suit was commenced. 3 *Martin, N. S.,* 291 ; 3 *Ibid.* 392 ; 7 *Ibid.* 255 ; 2 *Louisiana Reports,* 193.

*Bradford,* for the defendants.

1. It will be observed by the court, that the defendants in their answer, deny the identity of plaintiffs, as composing a mercantile firm. This denial was ordered by the court *a quo,* to be stricken out, because it was an *exception,* not an answer. It was too late, after the cause had been opened, to move to strike out a part of the pleadings. The denial is not an exception, but an answer to the merits.

2. It does not appear by the evidence, that the plaintiffs and appellants were the owners of the note sued on.

3. The testimony does not prove any right of property in the note ever to have been in plaintiffs. The declaration of John Dunbar, " that it was all right," proves nothing of any right to the note in the plaintiffs.

4. There was no legal notice of protest to the appellants, as endorsers of the note of John B. Dawson. The statute of the 13th March, 1827, 1st *Moreau's Digest*, 96, *section* 2, makes it the duty of the notary to serve the notice on endorsers, and whenever such endorsers do not live in town, to put the notice of protest in the nearest post-office where such protest is made, " addressed to the endorsers at their domicil or usual place of residence." Annanias Dunbar, one of the endorsers, lived in the parish of West Feliciana, not in St. Francisville ; and, from any thing which appears in the evidence, the letter may, although put in the post-office in St. Francisville, have been addressed to him in New-Orleans.

EASTERN DIST.
February, 1837.

MAGEE ET AL.
vs.
DUNBAR AND
BROTHER.

5. John Dunbar lived in St. Francisville. The notary was bound to know it, he residing there. But if he did not know the fact, he did not use " all due diligence to obtain the necessary information," as is required by the 3d section of said act, 1st *Moreau*, 96. Indeed, no inquiry was made for the residence of John Dunbar. It would have been known at the post-office.

6. The court *a quo*, erred in taking the failure of the defendants to answer interrogatories, as evidence against them. See bill of exceptions, page 16, of the record. Courts of justice are not constituted as traps. Had the defendants been notified of the day when they were ordered to answer interrogatories, they would have appeared and answered, according to the truth of the case.

*Bullard, J.*, delivered the opinion of the court.

This is an action against the endorsers of a promissory note, on the usual allegations of demand from the maker, and due notice of non-payment. The plaintiffs also sue for a small balance of an account, for goods sold and delivered.

The defendants having failed to appear or answer, a judgment by default was taken. Before trial, however, they filed an answer, and the judgment by default was set aside. In their answer, they deny that the plaintiffs constitute the

EASTERN DIST.
February, 1837.

MAGEE ET AL.
vs.
DUNBAR AND
BROTHER.

firm of James Magee & Co., and that they are the owners of the note sued on; and they further deny notice as endorsers.

The court, considering the first part of the answer, which denied the identity of the plaintiffs as composing the firm, in the nature of a dilatory exception, and that it came too late, after a judgment by default had been taken, ordered it to be stricken out, and the defendants took a bill of exceptions.

A dilatory exception denying the identity of the plaintiffs as a firm, may be pleaded after a judgment by default, on filing an answer to the merits.

We think the court erred. The Code of Practice provides, that the defendant may, at any time, appear and file his answer, before a definitive judgment by default is rendered, and the first judgment taken shall be set aside. *Article* 314. The filing of an answer is a matter of right, and does not depend upon the discretion of the court, nor does the Code appear to us to restrict the defendant in relation to the exceptions which he may plead in such a case. It is true, there is a class of exceptions, which the Code requires to be pleaded à *limini litis,* before issue joined, which we understand to be an answer to the merits, and that an issue is tacitly joined by a judgment by default; but when that judgment is set aside by filing an answer, it is as if it had never existed. But, while we express an opinion, that the court below erred in striking out that part of the answer, we do not consider it a sufficient ground for remanding the case. The defendants deny that the plaintiffs, whose names are set forth in the petition, and who, sue as James Magee & Co., do, in fact, compose that firm; but they do not aver what other persons belong to it. An exception of this kind ought at least to show, that, admitting the facts alleged to be true, a judgment in the case would not be a bar to a second action. In the form in which it is pleaded, it amounts to nothing more than a denial of the right of the plaintiffs to recover according to the allegations in the petition. That denial is sufficiently repeated in other parts of the answer, and it is clear that the plaintiffs cannot recover unless they show that they are the holders of the note, and that the defendants are indebted to them in a further balance of accounts.

Although an issue is tacitly joined by a judgment by default, yet, when it is set aside, by filing an answer, it is as if it had never existed.

In denying that the names of the plaintiffs do in fact compose the firm in whose name they sue, and not averring that other persons compose it, is insufficient. An exception of this kind ought, at least, to show, that admitting the facts alleged, a judgment in the case would not be a bar to a second action.

The account is sufficiently proved by the neglect of the defendants to answer the interrogatories annexed to the petition. They had ample opportunities to do so. The plaintiffs were not bound, in our opinion, to give them any further notice, although parties *may* require their interrogatories to be answered in open court. *Code of Practice*, 351. The court did not, in our opinion, err in instructing the jury that the failure of the defendants to answer the interrogatories, amounted to a confession of the matters therein asserted.

The facts thus disclosed are, that the defendants, being indebted to Magee & Co., for merchandize to the amount of nine hundred and thirty-four dollars and seventy-one cents, endorsed over to them the note in question, in part payment, leaving the balance of one hundred and twenty-nine dollars and thirty-one cents, for which judgment has been rendered in this case. The plaintiffs, therefore, appear as the immediate endorsers of the defendants, in consideration of an existing debt, and it is shown that they were the holders when this suit was brought.

The only remaining question is, whether due notice of protest was given. The notice was lodged in the post-office at St. Francisville, where one of the partners resided. The others lived a few miles from town, and nearer another office, but was in the habit of receiving his letters at the office in town. It is shown, that he had previously directed the notary to leave any notices of protest in that post-office. From these facts we are authorized to conclude that the notice was received, although the act of placing it in the office might not, by the statute, be considered as constructive notice. Notice to one partner is sufficient.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.