Hasam *vs.* McVittie.

creditor cannot invoke the power of the courts to control the application by a municipal corporation of its revenues as it sees proper.

An allegation that the city is illegally applying the revenues of the wharves to the payment of wharf-bonds, upon which is based an injunction restraining such payment, discloses no cause of action, because if the wharf-bonds are illegal, the builders of the wharves have no claim, and the revenues exacted by the city from wharves must cease *eo instanti*, since the exaction of such revenues is legally justifiable only in consequence of expenditures for their erection or their repairs. The logical conclusion is that the very existence of the claimed cause of action would be its legal annihilation.

APPEAL from the Superior District Court of New Orleans.    LYNCH, J.

*A. Walker* and *Shaw* for Plaintiff Appellant.    *McCaleb, E. H. Farrar*, and *Lazarus* for Defendant.

WHITE, J., delivered the opinion affirming the judgment.

—————————

No. 5547.

THOMAS HASAM VS. JOHN MCVITTIE.

When judgment by default has been entered, and an answer is thereafter filed before the default has been confirmed, the filing of the answer *ipso facto* cancels and wipes out the default, and it is not necessary that a formal motion be made to set aside the default, nor that an entry be made that the default is set aside.

The confirmation of a default judgment after the answer has been filed is null.

APPEAL from the Sixth District Court of New Orleans.    SAUCIER, J.

*Gilmore & Sons* for Plaintiff.    *C. F. Claiborne* for Defendant Appellant.

The default was entered on December 12, 1874. The answer was filed in the clerk's office on the 14th. The default was confirmed on the 17th. The plaintiff contended that the fact that an answer had been filed should have been brought to the attention of the court by a motion to set aside the default or in some other way.

DE BLANC, J., delivered the opinion, citing Code of Practice, Arts. 314 and 463, and Magee *v.* Dunbar, 10 La. 550, where it is said, the

filing of an answer is a matter of right and does not depend upon the discretion of the court. When the issue tacitly joined by the default judgment is set aside by filing an answer, it is as if it had never existed. And also Lallande *v.* Terrill, 12 La. 9, and French *v.* Putnam, 14 La. 97. The case of Blessey *v.* N. O. Oil Factory, 13 La. Ann. 310, is distinguished from these by the feature that the answer was filed on the day the judgment by default was confirmed, and the presumption was that the court had done its duty, and that the answer had not been filed until after the default judgment had been made final, as the court would not have confirmed the default if an answer had been filed before it was moved to confirm it.

*Judgment reversed.*