*Court of Appeals, Third Circuit, Parish of St. Martin.*

ALEXANDER WASHINGTON *v.* J. B. COMEAU, Sheriff, *et al.*

1. Where, on filing answer, a judgment by default was set aside, but afterwards confirmed, the decree of confirmation is a nullity.
2. The withdrawal of counsel of record after they have filed an answer for the defendants, has not the effect of withdrawing the answer and of restoring the default.

*Appeal from the Parish Court, Parish of St. Martin. Bassett, Judge.*

*J. E. Mouton* for plaintiff.

*F. Voorhies* for defendant, appellant.

IRION, J.—The only question in this case is one of practice. It appears that a regular default was entered; that subsequently an answer was filed and the case continued through several terms of court. Various assignments for trial were

made, but the defendant, on each occasion, succeeded in avoiding a trial.

It seems that in January, 1878, more than two years after the suit was filed, defendants' original counsel withdrew from the case, whereupon the plaintiffs' attorney moved to make the default final.

A final judgment by default was then entered up against defendants. The defendants appealed, and ask that the judgment be annulled, for the reason that a judgment by default cannot be made final after an answer has been filed.

The counsel for plaintiffs contends that the answer was withdrawn and that by reason of this withdrawal the default was re-established. We cannot assent to this proposition. The Supreme Court, in Magee v. Dunbar, 10 La. 550, said: " Though issue be tacitly joined by a default, yet when it is set aside by filing an answer, it is as if it never had existed." It follows, then, that if the answer be withdrawn, a new default must be taken before a final judgment on default can be rendered. In French v. Putnam, 14 La. 97, the Court said : " The confirmation of a default set aside is null." In 18 La. An. 187, it was held that no judgment can be confirmed without a previous default.

If, as the Court said in Magee v. Dunbar, the filing of an answer set aside the default as completely as if it had never existed, there was evidently no default in this case.

A judgment confirmed without a default is null." 21 La. An. 665. When a judgment has been rendered, confirmed without a default previously taken, it will be reversed on appeal and the case remanded. 19 La. An. 273.

It does not appear by the minutes that the answer was withdrawn. It does appear that on motion of Z. T. Fournette, Esq., the names of Deblanc and Fournette, attorneys for defendants, were stricken from the record; but that did not erase the answer. Under the circumstances, we do not think that a judgment by default should have been made final.

It is, therefore, ordered, adjudged and decreed that the judg-

ment of the lower court be set aside.  It is further ordered that this case be remanded to the District Court for a new trial, and that plaintiffs pay the costs of this appeal.